The State of Ohio, Appellee, v. Younger, Appellant.

(No. 33986—Decided November 20, 1975.)

Mr. John T. Corrigan, for appellee.
Mr. Anthony Cotton, and Mr. James R. Willis, for appellant.

Parrino, J. Defendant-appellant was indicted on June 4, 1974, for two counts of aggravated murder under R. C. 2903.01 and for one count of aggravated burglary under R. C. 2911.11. At his arraignment on June 10, 1974, defendant-appellant entered a plea of not guilty.

On July 22, 1974, the appellant, represented by counsel, appeared before the court and entered a plea of guilty to the first count of aggravated murder, a violation of R.

C. 2903.01(A). Thereafter, the court, upon recommendation of the prosecuting attorney, entered a *nollo prosequi* as to the second and third counts of the indictment. The appellant was sentenced to life imprisonment.

Defendant-appellant perfected a timely appeal to this court and presented the following assignment of error for review:

The trial court erred in failing to personally examine appellant to determine that he intelligently waived his constitutional rights and knew the nature of and consequences of his plea of guilty to the charge of aggravated murder.

From our review of the record, we conclude that the appellant's assignment of error is well taken. The Ohio Rules of Criminal Procedure became effective in this state on July 1, 1973. The overall purpose of the Ohio Rules of Criminal Procedure is stated in Criminal Rule 1(B):

". . . to provide for the just determination of every criminal proceeding . . . and . . . to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay."

Existing Ohio statutes and Ohio case law, together with controlling decisions of the United States Supreme Court, were the primary source material and foundation for these rules.

The procedures set forth in Criminal Rule 11(C)(2) were intended to implement the above stated purpose of the criminal rules with respect to the acceptance of guilty pleas in felony cases. The rule was promulgated in recognition of the fact that when a defendant in a state criminal trial enters a plea of guilty he waives his privilege against compulsory self-incrimination, *Malloy* v. *Hogan* (1964), 378 U. S. 1, his right to a trial by jury, *Duncan* v. *Louisiana* (1968), 391 U. S. 145, and his right to confront his accusers. *Pointer* v. *Texas* (1965), 380 U. S. 400; *McCarthy* v. *United States* (1969), 394 U. S. 459, 466; *Boykin* v. *Alabama* (1969), 395 U. S. 238, 242. In order for such a waiver to be valid under the Due Process Clause of the United States Constitution, it must be shown to have been "an intentional relin-

quishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst* (1938), 304 U. S. 458; *McCarthy* v. *United States, supra.* Thus, if a guilty plea is not knowingly, voluntarily, and intelligently made, ". . . it has been obtained in violation of due process and is therefore void." *McCarthy* v. *United States, supra,* at 466. Criminal Rule 11(C)(2) was implemented to ensure, by a meaningful determination, that a defendant entering a plea of guilty does so knowingly and with the understanding that he is waiving his critical constitutional rights.

Criminal Rule 11(C)(2) governs the acceptance of a guilty plea in a felony case made after July 1, 1973. See *State* v. *Stone* (1975), 43 Ohio St. 2d 163. This rule provides that the court shall not accept a guilty plea without first personally addressing the defendant and:

(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.

It is clear that ". . . Rule 11 of the Ohio Rules of Criminal Procedure . . . must be scrupulously adhered to. . . ." *State* v. *Griffey* (1973), 35 Ohio St. 2d 101, 111. By requiring such adherence to Criminal Rule 11(C)(2), it is not intended to convert the acceptance of a guilty plea into a meaningless ritual. On the contrary, by requiring full compliance with Criminal Rule 11(C)(2), trial courts will avoid the practice of accepting guilty pleas in the absence of a meaningful determination that a criminal defendant is

knowingly, intelligently, and voluntarily waiving his constitutional rights. Furthermore, a practice of full compliance will tend ". . . to discourage, or at least enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." *McCarthy* v. *United States, supra,* at 465; *See State* v. *Buchanan* (1974), 43 Ohio App. 2d 93, 98. This principle was recently addressed by the Ohio Supreme Court in *State* v. *Stone, supra,* wherein the court stated:

"It should be noted that Crim. R. 11 . . . remedies the problem inherent in a subjective judgment by the trial court as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review *by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea* and determine if the plea is understandingly and voluntarily made." (Emphasis added.)

In conjunction with the above mentioned authorities, this court has previously held that failure to comply with the mandate of Criminal Rule 11 constitutes prejudicial error. *State* v. *Buchanan, supra; State* v. *Stitman,* No. 33449 (8th App. Dist., April 3, 1975); *State* v. *Hasan,* No. 33472 (8th App. Dist., November 29, 1974).

Upon review of the record, we conclude that the trial court committed prejudicial error in accepting appellant's guilty plea. The record fails to indicate that the appellant understood his constitutional rights or that he affirmatively waived them. The following colloquy occurred between the court and the appellant:

Monday, July 22, 1974

"The Court: Go ahead.

"Mr. Marek: May it, please, the court, your Honor, this is case No. CR-13771, the State of Ohio versus Larry Younger, Y-o-u-n-g-e-r.

"The Defendant is present in court with his Counsel, Mr. Frank Azarello and Mr. Jerome Silver.

"Your Honor, myself and Mr. Robert Steeley have discussed this matter with both defense counsel. We have also discussed this matter with our Superiors, at the Prose-

cutor's office, and it is my present understanding that the defendant is desirous of withdrawing his formally entered pleas of not guilty and enter a plea of guilty to the first count of the indictment, which is aggravated murder, pursuant to Ohio Revised Code 2903.01A.

"As to the second count of the indictment, the defendant is charged wtih aggravated murder pursuant to Ohio Revised Code 2903.01B with a specification.

"As to the third count of the indictment, the defendant is charged with aggravated burglary pursuant to Ohio Revised Code 2911.11.

"Your Honor, if the plea of guilty is forthcoming as to the first count of the indictment it is the recommendation of the Prosecutor's office that it be accepted by the court. And if it is accepted by the court I will have some further remarks with respect to the second and third courts of the indictment.

"Lastely, [sic] I will just say, that the possible penatly [sic] provided by law is life imprisonment.

"Mr. Silver: Your Honor, at this time may we have about two minutes with the defendant before we make our remarks?

"The Court: Yes.

(Discussion had off the record.)

"Mr. Silver: Your Honor, at this time on behalf of the defendant we ask the court for permission to withdraw his former pleas of not guilty. If that permission is granted then we will enter a plea to the first count of the indictment.

"The Court: Tell me that again.

"Mr. Silver: We are asking the court now permission for the defendant to withdraw his former plea of not guilty.

"The Court: All right. Now, before I can permit you to withdraw your plea of not guilty I have to inform you that if you plead guilty to this charge you have waived your right of trial by jury, at which time the state would have to prove you guilty beyond a reasonable doubt; that there could be no probation in this matter and the sentence would be life.

"I must inform you further that you will lose your

right to be confronted by the witnesses and you will be afforded, if you plead not guilty, the right to summon witnesses in your behalf. Is it still your desire to plead guilty?

"The Defendant: Yes, your Honor.

"The Court: Do you plead guilty?

"The Defendant: Yes, your Honor. Yes, your Honor. I plead guilty.

"The Court: All right.

"Mr. Marek: Your Honor, I would, just for the purposes of protecting the record, I would ask that defense counsel indicate for the record—there is no question in my mind they have advised their client of his constitutional rights. I would like to have them indicate for the record that this was done.

"Mr. Silver: We have advised the defendant of his constitutional rights.

"Mr. Marek: Yes, I believe there is, as far as a monetary fine provided by law in the amount not to exceed $25,-000, I think. And just a couple of more things, your Honor. I am sure that the defendant realizes and perhaps he would indicate for the record, that he does not have to take the witness stand and that, for his failure—

"The Court: You do not have to testify in your own behalf, one way or another.

"Mr. Marek:—and the Prosecutor could not comment upon his failure to take the witness stand.

—"I have nothing further."

As noted above, the record in the present case indicates that the court accepted appellant's guilty plea without *first personally addressing* the appellant with respect to the following provisions of Criminal Rule 11:

1. The court failed to address the defendant personally and determine that the defendant was making his guilty plea voluntarily, with understanding of the nature of the charge against him. Crim. R. 11(C)(2)(a).

2. The court accepted the guilty plea without first informing the defendant and determining that he understood that if he chose to stand trial he could not be compelled to testify against himself. Crim. R. 11(C)(2)(c).

3. The court failed to determine that the defendant understood that in addition to life imprisonment he could be fined by the court in an amount not to exceed $25,000. Crim. R. 11(C)(2)(a).

4. The court failed to inform and determine that the defendant understood that the court upon acceptance of his plea could proceed with judgment and sentence. Crim. R. 11(C)(2)(b).

In summary, Rule 11(C)(2) of the Ohio Rules of Criminal Procedure requires the performance of specific acts by a trial judge before the acceptance of a guilty plea in a felony case. The performance of those acts is mandatory and not discretionary.

Criminal Rule 11(C)(2) clearly and distinctly mandates that the trial judge, before accepting a guilty plea in a felony case, inform the defendant of his rights as expressed in the rule and determine that he understands those rights and that he is making his guilty plea voluntarily.

To ensure justice, Criminal Rule 11(C)(2) requires a full and clear statement and explanation of those rights to the defendant. That which is not explained is often not understood. That which is not understood cannot be knowingly and intelligently waived.

Because the provisions of Criminal Rule 11 were not fully complied with, the trial court did not enter a valid plea of guilty. The judgment of conviction and sentence rendered by the trial court is therefore reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

JACKSON, P. J., and CORRIGAN, J., concur.