OPINION
This case presents a delayed appeal pursuant to App.R. 5(A) whereby Appellant challenges the Mahoning County Court of Common Pleas decision to accept his guilty plea. Appellant argues that his plea was not made knowingly, intelligently and voluntarily and that he was denied the effective assistance of counsel. For the reasons that follow, this Court reverses the judgment of the trial court.
On April 19, 1993, Appellant was indicted on one count of murder in violation of R.C. § 2903.02(A) which included a firearm specification. On April 26, 1993, Appellant entered a plea of not guilty to the charge contained in the indictment and on May 5, 1994, waived his right to a speedy trial. On January 25, 1995, and after plea negotiations with the prosecution, Appellant withdrew his not guilty plea and entered a plea of guilty to the reduced charge of voluntary manslaughter in violation of R.C. § 2903.03(A)(B) and to the firearm specification.
On January 27, 1995, the trial court sentenced Appellant to three years actual incarceration on the firearm specification and to an indefinite term of incarceration of five to twenty-five years. By way of a judgment entry dated December 18, 1995, the trial court denied Appellant's motion for shock probation. The record does not contain the actual motion nor is there an indication as to who prepared or filed this motion.
On April 6, 1998, Appellant, proceeding pro se, filed a notice of appeal with the trial court. Subsequently, on April 17, 1998, Appellant filed a pro se motion with this Court seeking permission to file a delayed appeal pursuant to App.R. 5(A) which was granted on July 7, 1998. This Court also found Appellant to be indigent and appointed appellate counsel to assist in pursuing this appeal. The Appellant filed a pro se brief with this Court on July 14, 1998 and on August 28, 1998, Appellant's counsel filed a brief which incorporated the assignments of error put forth in Appellant's pro se brief.
As Appellant's counsel's brief incorporates and clarifies Appellant's pro se arguments, this Court shall address the issues and assignments of error as articulated by counsel. For reasons which will become apparent, we shall first direct our attention to Appellant's second assignment of error which states:
 "II. The trial court erred in accepting the guilty plea of the Defendant/Appellant due to the fact that the Trial Court did not substantially comply with Criminal Rule 11. The acceptance of the plea violated the Defendant/Appellant's right to Due Process."
In this assignment of error, Appellant argues that the trial court failed to substantially comply with the dictates of Crim.R. 11(C). As a result of this failure, Appellant maintains that he did not have a clear understanding of the constitutional rights he was waiving and he could not, therefore, enter a guilty plea knowingly, intelligently and voluntarily. Since the trial court did not advise Appellant of all of the implications a guilty plea would entail, Appellant contends that his plea should be set aside.
Based on the record before us, we agree. The procedure for the acceptance of a guilty plea is set forth in Crim.R. 11(C). That rules provides, in relevant part, as follows:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
While a strict and mechanical recitation of every element contained in Crim.R. 11 is not required in accepting a guilty plea, the trial court must nonetheless substantially comply with the requirements contained in the rule. State v. Ballard (1981),66 Ohio St.2d 473. Substantial compliance with Crim.R. 11 ensures satisfaction of a defendant's constitutional guarantees. State v.Johnson (1988), 40 Ohio St.3d 130. Substantial compliance means that under the, "totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108. This Court has previously held that in order to ensure that a defendant subjectively understands the rights which he is waiving, the trial court should engage in a meaningful dialogue with the defendant. State v. Richard (1996), 113 Ohio App.3d 141,144. This is especially true when imprisonment is an option. Id. The Eighth District Court of Appeals best explained the. importance of this meaningful dialogue when it observed:
 "To ensure justice, Criminal Rule 11(C)(2) requires a full and clear statement and explanation of those rights to the defendant. That which is not explained is often not understood. That which is not understood cannot be knowingly and intelligently waived."
State v. Younger (1975), 46 Ohio App.2d 269, paragraphs 3 of the syllabus.
In the case at bar, the transcript of the hearing where Appellant entered his guilty plea reveals the following dialogue between the trial court and Appellant:
"Q: Mr. Wood, how old are you?
A: Twenty-two
 Q: You have heard what the prosecutor has said, and your — and what your attorney has said. I am required under the law to make certain inquiries of you to find out if this was made free and voluntarily. Your twenty-two?
A: Yes.
Q: How far did you go in school?
A: Graduated.
Q: From high school?
A: Yes.
Q: Are you employed?
A: No, ma'am.
Q: Have you been employed?
A: Yes.
Q: What type of work do you do?
A: Janitorial.
Q: Janitorial?
A: Yes.
Q: Do you have any family?
A: Yes.
 Q: And how much of a family do you have? Are you married?
A: No.
Q: No wife. Any children?
A: Yes.
Q: How many?
A: Three. One is —
Q: Where is the child?
A: One is living with me.
Q: With you?
A: Yes.
Q: Do you have any parents here?
A: Yes.
Q: Who?
A: My mother.
Q: You're capable of reading and writing?
A: Yes.
Q: You understand the English language?
A: Yes.
 Q: You understand that if I accept your plea today, that I could just arbitrarily sentence you to prison immediately? Do you understand that?
A: Yes.
Q: Has anyone forced you to change your plea?
A: No.
Q: Has anyone threatened you in any way?
A: No.
Q: Are you doing this of your own free will?
A: Yes.
Q: And what is your plea?
A: Guilty.
Q: Speak up.
A: Guilty.
 Q: The Court will accept your plea of guilty and refer this matter for sentencing on Friday morning at 8:30 a.m. You will be here in Court at eight-thirty, at which time we'll have your sentence."
It was at this point that the prosecutor realized that the trial judge had not complied with Crim.R. 11 and requested the judge to explain to Appellant the potential sentence that could be handed down. The remainder of the hearing then proceeded as follows:
 "Q: You understand that sentencing on voluntary manslaughter will be five, six, seven, eight, nine or ten to twenty-five years? Do you understand that?
A: Yes.
 Q: You understand that there's a mandatory confinement of three years for the specification —
A: Yes.
 Q: — of the gun? You understand that the specification runs first, and then your other jail sentence begins?
A: Yes.
 Q: You understand that. And do you understand further that you have a right to appeal the sentence when you get it if you are not satisfied? And we'll go through that at sentencing. Do you understand that?
A: Yes.
Q: Very well."
In the brief exchange the trial court had with Appellant, there was absolutely no mention of: (1) the burden upon the prosecution to prove Appellant's guilt beyond a reasonable doubt; (2) the right to cross-examine witnesses; (3) the right to compulsory process; or (4) the privilege against self-incrimination. Indeed, not one of the constitutional rights itemized in Crim.R. 11(C)(2)(c) was even alluded to. In the absence of any discussion with Appellant concerning the nature of the rights he was waiving, this Court is unable to conclude that such a waiver was knowingly, voluntarily or intelligently made in the constitutional sense or that the dialogue at issue was meaningful. State v. Ballard (1981), 66 Ohio St.2d 473, citingBoykin v. Alabama (1969), 395 U.S. 238. We are likewise unable to conclude that the trial court's compliance with Crim.R. 11(C)(2) was anything more than marginal, much less substantial. As such, Appellant's second assignment of error has merit and is hereby sustained.
Appellant's first and third assignments of error provide as follows:
 "I. The trial court erred in accepting the guilty plea of the Defendant/Appellant since it was not made knowingly, intelligently, and voluntarily due to the fact that the Defendant/Appellant was under the false impression that he was pleading to a probational offense, and that he was not advised of his constitutional rights and the waiver of them. The acceptance of the plea violated the Defendant/Appellant's Sixth and Fourteenth Amendment Constitutional rights."
 "III. The Trial Court erred in accepting the guilty plea of the Defendant/Appellant since the Defendant/Appellant had ineffective assistance of counsel which prejudiced and jeopardized the Defendant/Appellant."
Both of these assignments of error attack the validity of Appellant's guilty plea by asserting, for different reasons, that it was not made knowingly, intelligently or voluntarily. Our disposition of Appellant's second assignment of error renders these remaining assignments of error moot and we therefore decline to address their merits.
Based on the foregoing, the judgement of the Mahoning County Court of Common Pleas is hereby reversed, Appellant's guilty plea is vacated and this case is remanded for further proceedings according to law and consistent with this Court's opinion.
COX, P.J., concurs.
DONOFRIO, J., concurs.
APPROVED:
 ___________________________ CHERYL L. WAITE, JUDGE