OPINION
{¶ 1} Defendant-appellant, Matthew McCullough, appeals his conviction in the Fayette County Court of Common Pleas for aggravated murder, aggravated robbery and kidnapping.
 {¶ 2} On September 14, 2001, appellant appeared before the trial court and pled guilty to one count of aggravated murder, one count of aggravated robbery and one count of kidnapping. The trial court found appellant guilty and sentenced him accordingly. Appellant now appeals his conviction and sentence, raising three assignments of error.
 {¶ 3} We begin by noting the unusual nature of this appeal. Appellant was originally charged with several serious, violent crimes, and received an extremely favorable plea arrangement which removed the death penalty as a sentencing option. Appellant argues in this appeal that his conviction should be reversed. However, because double jeopardy does not attach when a conviction is reversed on appeal, see State v. Liberatore
(1982), 69 Ohio St.2d 583, 591, the practical effect of vacating his plea and reversing his conviction is that appellant will be facing the original charges, including the death penalty specification.
 {¶ 4} In appellant's first assignment of error, he contends that the trial court erred because it did not comply with Crim.R. 11 when it accepted his guilty plea. Crim.R. 11(C)(2) requires the trial court to personally address the defendant and inform him of the constitutional guarantees and other rights he is waiving by entering a guilty plea. The relevant part of this provision states:
 {¶ 5} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 6} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 7} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 8} "(c) Informing the defendant of and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 9} Crim.R. 11(C) was adopted "in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." State v. Nero (1990),56 Ohio St.3d 106, 107. It requires the trial court to inform the defendant of constitutional guarantees he is waiving by entering a guilty plea. Id.; see Boykin v. Alabama (1969), 395 U.S. 238, 242-43,89 S.Ct. 1709. The rule also requires the trial court to inform the defendant of certain other matters before accepting a guilty plea. Nero at 107.
 {¶ 10} A trial court must strictly comply with the provisions of Crim.R. 11 that relate to constitutional rights, although it is not required to use the exact words of the rule. State v. Ballard (1981),66 Ohio St.2d 473, paragraph two of the syllabus. However, the record must show that the trial court explained these rights in a manner reasonably intelligible to the defendant. Id. With regards to the requirements of Crim.R. 11 that do not involve the waiver of a constitutional right, the court need only substantially comply with the rule. Id.; State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122.
 {¶ 11} The entire discussion between the trial court and appellant at the plea hearing is as follows:
 {¶ 12} "Judge: Mr. McCullough[,] before I can accept your plea I must advise you of certain rights. By pleading guilty you are giving up the right to a trial. Do you understand that?
 {¶ 13} "McCullough: Yes sir.
 {¶ 14} "Judge: You have the right to a trial by a jury, the right to be represented at the trial by a law (sic), if you cannot afford a lawyer you have the right to a court appointed lawyer. At the trial you have other rights. The right to remain silent, the right to have the proved against you (sic) beyond a reasonable doubt. The right to require witnesses to be here for your case and the right to question any witnesses the State of Ohio might bring. Do you understand these rights?
 {¶ 15} "McCullough: Yes sir.
 {¶ 16} "Judge: These offenses carry a possible penalty as indicated 20 years to life on the aggravated murder and 10 years on each of the other felonies. Do you understand that?
 {¶ 17} "McCullough: Yes, sir.
 {¶ 18} "Judge: Has anyone threatened you in any manner in order to obtain your plea?
 {¶ 19} "McCullough: No sir.
 {¶ 20} "Judge: Other than what's been stated here has anyone promised you anything?
 {¶ 21} "McCullough: No sir.
 {¶ 22} "Judge: Ok, I believe you understand your rights. I accept the plea. Let's proceed with sentencing. * * *."
 {¶ 23} We find the trial court's colloquy with appellant was inadequate when viewed in light of Crim.R. 11(C) and its purposes. Other than brief questions about threats and promises, the court did not inquire into the voluntariness of appellant's plea. Although the charges were mentioned, no inquiry was conducted to determine if appellant understood the nature of the charges against him. The indictment was not read at the hearing, and neither the charges nor the underlying facts were described. The trial court did not describe the effect of pleading guilty and it did not explain that a guilty plea is an admission of the defendant's guilt. See Crim.R. 11(B)(1). The trial court did not inform appellant that after accepting his plea, it could immediately proceed with judgment and sentence, as it did in this case.
 {¶ 24} The trial court also failed to enunciate a full and clear statement of appellant's constitutional rights. See State v. Younger
(1975), 46 Ohio App.2d 269. Although briefly touching on each right, when viewed as a whole, the trial court's explanation was inadequate. While holding that literal compliance with the wording is not required, the Ohio Supreme Court cautioned that "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty. We strongly recommend such procedure to our trial courts." State v. Ballard (1981), 66 Ohio St.2d 473, 480.
 {¶ 25} We echo the Supreme Court's sentiment and strongly caution the trial court to carefully and conscientiously follow the dictates of Crim.R. 11. The trial court's brief recitation of rights without any explanation or determination that appellant understood the rights is simply inadequate.
 {¶ 26} In its brief, the state argues that previous hearings support a finding that appellant had all the information necessary to make a plea that was knowing, intelligent and voluntary. However, the discussions at previous hearings involve statements by trial counsel and the prosecutor to the court, not dialogue between appellant and his counsel, the prosecutor or the court. Crim.R. 11 requires that the trial court "address the defendant personally" and determine if the plea is voluntary, intelligent and knowing.
 {¶ 27} Although appellant signed a written plea agreement, only a brief reference was made to the forms at the hearing. The trial court failed to inquire whether the signature on the forms was appellant's and whether appellant read, understood or signed the forms. Thus, the written agreement cannot be used as evidence that the court inquired into whether appellant's plea was voluntary, knowing and intelligent.
 {¶ 28} Because the trial court failed to meet the requirements of Crim.R. 11, we must reverse appellant's conviction. Appellant's first assignment of error is sustained. Because we must reverse appellant's conviction, appellant's second and third assignments of error, which involve his conviction and sentencing, are moot.
 {¶ 29} Judgment reversed, appellant's plea is vacated, and this matter is remanded to the trial court for further proceedings according to law and consistent with this opinion.
WALSH, P.J., and BROGAN, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.