OPINION
{¶ 1} Defendant-appellant, Robert Adams, appeals the Judgment Entry of Sentence, rendered by the Lake County Court of Common Pleas, sentencing him to an aggregate prison term of twenty-six years for crimes more fully described below. For the reasons that follow, we affirm the decision of the court below on the authority of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} On April 18, 2003, Adams was charged, by way of "secret" indictment, with two counts of Aggravated Vehicular Homicide, felonies of the second degree, in *Page 2 
violation of R.C. 2903.06(A)(1)(a), with Repeat Violent Offender Specifications, pursuant to R.C. 2941.149; one count of Driving While Under the Influence of Alcohol or Drugs, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1); and two counts of Aggravated Vehicular Homicide, felonies of the third degree, in violation of R.C.2903.06(A)(2).
 {¶ 3} Adams' case was tried before a jury on May 12-13, 2003, which found Adams guilty of all charges.
 {¶ 4} On June 4, 2003, the trial court held a sentencing hearing. Pursuant to R.C. 2941.149, the court found Adams to be a repeat violent offender. The court sentenced Adams to two consecutive, mandatory eight-year prison terms for each count of second-degree Aggravated Vehicular Homicide, two consecutive five-year prison terms for each of the Repeat Violent Offender Specifications, and a six-month prison term for Driving While Under the Influence of Alcohol or Drugs, to be served concurrent with the other sentences. Adams' two third-degree Aggravated Vehicular Homicide convictions were merged with the other charges for purposes of sentencing. Adams' aggregate sentence was twenty-six years of imprisonment.
 {¶ 5} Adams appealed his convictions and sentence to this court, arguing, in relevant part, that in sentencing him to maximum and consecutive sentences and in imposing additional sentences for the Repeat Violent Offender Specifications, the trial court had engaged in impermissible judicial fact-finding in violation of his constitutional rights, under the authority of Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296. See State v.Adams, 11th Dist. No. 2003-L-110, 2005-Ohio-1107, reversed byFoster, 2006-Ohio-856. *Page 3 
 {¶ 6} The Ohio Supreme Court, in State v. Foster, held that the statutes under which Adams' had been sentenced were unconstitutional.2006-Ohio 856, at paragraphs one, three, and five of the syllabus (declaring R.C. 2929.14(C) [maximum sentence], R.C. 2929.14(E)(4) [consecutive sentences], R.C. 2929.14(D)(2)(b) [additional sentence for repeat violent offender] unconstitutional). The court further held that these provisions were severable. Id. at paragraphs two, four, and six of the syllabus. "After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender * * * specifications." Id. at paragraph six of the syllabus.
 {¶ 7} The Supreme Court ordered Adams' case to be remanded "to the trial court for resentencing in light of our remedial severance and interpretation of Ohio's felony sentencing statutes." Id. at ¶ 107. On remand, the trial court would "have full discretion to impose a prison sentence within the statutory range and * * * no longer [would be] required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 8} On May 18, 2006, the trial court again sentenced Adams to an aggregate prison term of twenty-six years as described above. Adams timely appeals and raises the following assignments of error.
 {¶ 9} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions. *Page 4 
 {¶ 10} "[2.] The trial court erred when it sentenced the defendant-appellant to more than-the-minimum, consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 11} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 12} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the rule of lenity.
 {¶ 13} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the intent of the Ohio legislators.
 {¶ 14} "[6.] The trial court erred by imposing prison terms under the Repeat Violent Offender Specifications in violation of the defendant-appellant's due process rights under the Fifth andFourteenth Amendments to the U.S. Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 15} The arguments raised in Adams' first five assignments of error have been previously considered and repeatedly rejected by this court. See State v. Allen, 11th Dist. No. 2006-L-167, 2007-Ohio-774; State v.Elswick, 2006-L-075, 2006-Ohio-7011; State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695. They are without merit. *Page 5 
 {¶ 16} In the sixth assignment of error, Adams argues he cannot be sentenced to any additional time for the Repeat Violent Offender Specifications, because the Supreme Court "totally eliminated" those provisions from Ohio's sentencing statutes.
 {¶ 17} The provisions governing the imposition of additional prison time on Repeat Violent Offenders are provided as follows:
 {¶ 18} "If the court finds that the repeat violent offender, in committing the offense, caused any physical harm * * *, the court shall impose the longest prison term from the range of terms authorized for the offense * * *."
 {¶ 19} "If the court imposing a prison term on a repeat violent offender imposes the longest prison term from the range of terms authorized for the offense * * *, the court may impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if the court finds that both of the following apply * * *:
 {¶ 20} "(i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
 {¶ 21} "(ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense." R.C. 2929.14(D)(2)(a) and (b). *Page 6 
 {¶ 22} For support, Adams relies on language found in the Ohio Supreme Court's decision of State v. Chandler, 109 Ohio St.3d 223,2006-Ohio-2285. In Chandler, the court discussed the penalty enhancements for major drug offenders, R.C. 2929.14(D)(3). Like the enhancements for repeat violent offenders, R.C. 2929.14(D)(3) contains two sections, Subsection (a) requiring the sentencing court to impose the longest prison term on certain major drug offenders, and Subsection (b) allowing the court to impose an additional penalty under certain conditions. 2006-Ohio-2285, at ¶ 17. In discussing the effect ofFoster on these subsections, the Supreme Court wrote: "We severed R.C.2929.14(D)(3)(b) to remedy the constitutional violation. * * * As the statute now stands, a major drug offender still faces the mandatory maximum ten-year sentence that the judge must impose and may not reduce. Only the add-on that had required judicial fact-finding has been severed."
 {¶ 23} According to Adams, this language demonstrates that, by ruling R.C. 2929.14(D)(3)(b) as well as R.C. 2929.14(D)(2)(b) unconstitutional, the Supreme Court intended to abolish the possibility of penalty enhancements for major drug offenders and repeat violent offenders. We disagree.
 {¶ 24} Initially, we note that no court has adopted Adams' interpretation of Foster or Chandler. Nor are we aware of any appellate court having considered such an interpretation. To the contrary, other courts have remanded sentencing cases with the understanding that the trial court has full discretion to impose a repeat violent offender penalty enhancement. See, e.g. State v. Pianowski, 2nd Dist. No. 21069,2006-Ohio-3372, at ¶ 26 ("the trial court has full discretion to impose sentences within the statutory range, and is no longer required to make findings or give reasons for imposing *Page 7 
maximum, consecutive, more than the minimum sentences, or for repeat violent offender enhancement").
 {¶ 25} More significantly, Adams' interpretation of Foster is refuted by the opinion within the Foster decision. When considering the potential remedies in light of the conclusion that portions of Ohio's felony sentencing statutes were unconstitutional, the Supreme Court discussed "accepting] the criminal defendants' request that we interpret all the affected statutes as imposing only the minimum sentence for those entering prison for the first time and as preventing maximum sentences, consecutive sentences, and enhanced penalties such as repeatviolent offender and major drug offender prison sentences, because all require judicial fact-finding." Foster, 2006-Ohio-856, at ¶ 88 (emphasis added). The Supreme Court rejected this approach, stating "we do not believe that the General Assembly would have limited so greatly the sentencing court's ability to impose an appropriate penalty." Id. at ¶ 89. Evidence that the Supreme Court considered it constitutionally permissible to impose repeat violent offender and major drug offender penalty enhancements after Foster is also found in the syllabus. As quoted above, the court held that, "[a]fter the severance [of R.C.2929.14(D)(2)(b) and (D)(3)(b)], judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications." Id. at paragraph six of the syllabus. If Adams' interpretation were correct, this part of the court's holding would be rendered nonoperative.
 {¶ 26} Finally, we note that the language from Chandler which Adams relies on is dicta. The specific issue in Chandler was "whether a person can be subject to the special penalty statute [R.C. 2925.03(C)(4)(g)] applicable to a major drug offender for a *Page 8 
first-degree felony drug conviction when the substance offered as crack cocaine contains no detectable amount of the drug." 2006-Ohio-2285, at ¶ 1. Given that the Supreme Court in Chandler considered whether the penalty enhancement or "add-on" could be applied to a particular major drug offender, there can be no doubt that such enhancements remain valid and applicable.
 {¶ 27} We disagree with Adams' reading of the phrase "[o]nly the add-on that had required judicial fact-finding has been severed" to mean that penalty enhancements for repeat violent offenders and major drug offenders have been abolished. A more legally sound understanding of these words is that only the requirement to make factual findings before imposing "the add-on" has been severed. This understanding of the dicta is consistent with the syllabus and reasoning of Foster and the underlying issue in Chandler.
 {¶ 28} The sixth assignment of error is without merit.
 {¶ 29} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Adams to an aggregate twenty-six years imprisonment for two counts of Aggravated Vehicular Homicide and Driving While Under the Influence of Alcohol or Drugs, is affirmed.
MARY JANE TRAPP, J., concurs,
 WILLIAM M. O'NEILL, J., dissents with a Dissenting Opinion. *Page 9