JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Karl Roberson appeals the sentence imposed after he pleaded guilty to felonious assault. Roberson assigns the following errors for our review:
 "I. The trial court erred when it sentenced appellant to prison time on RVO specifications after the Ohio Supreme Court in State v. Foster declared RVO specifications unconstitutional."
 "II. Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Roberson's conviction. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Roberson for one count each of felonious assault and kidnapping, and for two counts of rape. All charges carried repeat violent offender specifications.
 {¶ 4} On April 18, 2006, pursuant to a plea agreement with the State, Roberson pleaded guilty to felonious assault for knowingly causing serious harm to a female on May 25, 2005. In addition, Roberson pleaded guilty to the attached repeat violent offender specification for previously being convicted of aggravated robbery on February 28, 1983.
 {¶ 5} On May 16, 2006, the trial court sentenced Roberson to a prison term of eight years for felonious assault and an additional nine years for the repeat *Page 4 
violent offender specification.[1] The trial court ordered the prison terms to run consecutively for a total period of incarceration of seventeen years.
 Repeat Violent Offender Specification {¶ 6} In the first assigned error, Roberson argues the trial court erred when it imposed a prison term for the repeat violent offender specification in contravention of the Ohio Supreme Court's pronouncements in State v. Foster[2] We disagree.
 {¶ 7} In Foster, supra, the Supreme Court of Ohio stated:
 "Our remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely prohibits."[3]
 {¶ 8} Here, the record indicates that the grand jury indicted Roberson on the repeat violent offender specification. The record further indicates that on April 18, 2006, Roberson pleaded guilty to the attached repeat violent offender specification for previously being convicted of aggravated robbery on February 28, 1983. Roberson thus admitted, without any judicial fact finding, that he was indeed a repeat violent offender. Consequently, because the charge was specified in the indictment, and Roberson admitted to them by pleading guilty to the indictments, his *Page 5 
sentence does not violate Blakely nor contravene the Ohio Supreme Court's pronouncements in Foster.
 {¶ 9} Further, in State v. Foster, syllabus 6, the Ohio Supreme Court held:
 "R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifica-tions. (United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.)"
 {¶ 10} We read this to mean that only the offending portion of R.C.2929.14(D)(2)(b) is severed. Consequently, the imposition of an additional penalty for the repeat violent offender specification is constitutional. Thus, a judge may impose an additional one-to ten-year sentence on the repeat violent offender specification without judicial fact-finding. Consequently, this case is Blakely-Booker-Foster
compliant. Accordingly, we overrule the first assigned error.
 Ineffective Assistance of Counsel {¶ 11} In the second assigned error, Roberson argues defense counsel was ineffective for allowing him to plead guilty to an offense that no longer existed under Ohio law. We disagree.
 {¶ 12} We review a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington[4] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show *Page 6 
his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[5] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings
 {¶ 13} would have been different.[6] Judicial scrutiny of a lawyer's performance must be highly deferential.[7]
 {¶ 14} Initially, we note that our disposition of the first assigned error refutes Roberson's assertion that the repeat violent offender specification no longer exists after Foster. As noted above, only the offending portion of R.C. 2929.14(D)(2)(b) is severed. Consequently, the imposition of an additional penalty for the repeat violent offender specification is constitutional.
 {¶ 15} In the instant case, a review of the record fails to disclose that defense counsel's performance was flawed or deficient, resulting in prejudice to Roberson. The record reveals that in exchange for Roberson's guilty plea to felonious assault, the State dismissed the kidnapping charge and the two counts of rape, which all had repeat violent offender specifications attached. Given the gravity of the charges and the potential prison sentences Roberson faced, we conclude it was *Page 7 
sound defense strategy for counsel to allow Roberson to accept the plea bargain.
 {¶ 16} A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.[8] Since defense counsel obtained dismissal of a kidnapping charge and two rape charges, counsel's strategy was substantially successful. Thus, the record fails to indicate that defense counsel failed in his essential duties or that his performance fell below an objective standard of reasonableness. Accordingly, we overrule the second assigned error.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
FRANK D. CELEBREZZE, JR., A. J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] The record shows that on the underlying offense Roberson received the longest or maximum prison term before the trial court sentenced him on the repeat violent offender specification. Roberson received the maximum term of eight years.
[2] 109 Ohio St.3d 1, 2006-Ohio-856.
[3] State v. Berry, 5th Dist. No. 05-CAA-06-0034,2006-Ohio-1575.
[4] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[5] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[6] Id. at paragraph two of syllabus.
[7] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[8] State v.Caldwell, Cuyahoga App. No. 80556, 2005-Ohio-5134. See also Strickland supra, 104 S.Ct. at 2065. *Page 1