OPINION
{¶ 1} Kelvin Antonio Sanchez appeals from his conviction and sentence in the Court of Common Pleas of Greene County, wherein he was found guilty by a jury of one *Page 2 
count of trafficking in cocaine in an amount equal to or greater than one kilogram, a violation of R.C. 2925.03(A)(1) and with a major drug offender specification attached; one count of possession of cocaine in an amount equal to or greater than one kilogram, a violation of R.C.2925.11(A) and with a major drug offender specification attached; one count of trafficking in marijuana, a violation of R.C. 2925.03(A)(1); one count of possession of criminal tools, a violation of R.C.2923.24(A); and one count of conspiracy to traffic in cocaine, a violation of R.C. 2923.01(A)(1) and R.C. 2925.03(A)(1). Following a hearing, Sanchez was sentenced to four years for trafficking in cocaine, plus an additional ten years as a major drug offender, and ten years for possession of cocaine, with an additional ten years as a major drug offender. These sentences were to run consecutive, while the major drug offender specifications were to run concurrently. In addition, the court ordered that Sanchez serve one year for trafficking in marijuana and one year for possession of criminal tools, each sentence to run concurrently with each other but consecutive to the prior two counts and major drug offender specifications. In total, Sanchez was sentenced to 25 years in prison.
 {¶ 2} The record in this matter reflects that the Greene County Agency for Combined Enforcement ("ACE Task Force") was contacted by a confidential informant in January of 2006, indicating that Sanchez was involved in trafficking large quantities of cocaine and marijuana. Based on this information, the ACE Task Force began investigating Sanchez. Detective Craig Polston, disguised as a potential buyer, conducted several telephone conversations with Sanchez, during which the two men discussed the purchase of two kilograms of cocaine for $44,000.00 and 50 to 100 *Page 3 
pounds of marijuana for $1,100.00 per pound. On January 23, 2006, Detective Oliver Logan of the Dayton Police Department, standing in the place of Detective Polston, met with Sanchez at the defendant's place of employment to discuss the purchase of the cocaine and marijuana. Detective Logan had with him $44,000.00 in flash money-money used to show the seller that the buyer can afford to purchase the drugs offered for sale. The parties agreed at that time to meet at the Holiday Inn in Xenia, Ohio, in order to execute the drug sale.
 {¶ 3} On the evening of January 23, 2006, Sanchez arrived at the Holiday Inn in a vehicle driven by co-defendant, Carlos Moreno. They were immediately followed by another vehicle that contained co-defendants, Jose Cardenas and Sergio Ruiz. Sanchez proceeded alone to room 416, where Detective Logan was waiting. Surveillance equipment had been placed in the room earlier that day, and audio and video recording equipment was set up in an adjacent room. When Sanchez first made contact with Detective Logan, he offered the undercover detective an ounce sample of marijuana. He also told Detective Logan that the subject two kilograms of cocaine were in the car. Thereafter, Sanchez left the hotel to retrieve the cocaine, which he took from the trunk of the vehicle in which he had arrived.
 {¶ 4} When he returned to the hotel room, Sanchez placed a large plastic trash bag on the bed and removed from it approximately two kilograms of cocaine. The two men also discussed future purchases of cocaine and marijuana, with Sanchez indicating that he could sell 50 pounds of marijuana for $1,000.00 per pound. At this point in time, Detective Logan signaled the arrest team. Officers in the hotel entered the room and *Page 4 
arrested Sanchez, while additional officers in the parking lot arrested the three co-defendants.
 {¶ 5} On February 1, 2006, Sanchez was indicted on three counts of trafficking in cocaine in violation of R.C. 2925.03, each count including a major drug offender specification; four counts of trafficking in marijuana in violation of R.C. 2925.03(A)(1); one count of possession of cocaine in violation of R.C. 2925.11(A), also including a major drug offender specification; two counts of possession of criminal tools in violation of R.C. 2923.24(A); and one count of conspiracy to commit trafficking in cocaine in violation of R.C.2925.03(A)(1) and R.C. 2923.01(A)(1). Prior to trial, the State withdrew one count of trafficking in cocaine and one count of trafficking in marijuana.
 {¶ 6} The matter proceeded to trial in October 2006. The jury ultimately found Sanchez guilty of one count of trafficking in cocaine in an amount equal to or greater than one kilogram, one count of possession of cocaine in an amount equal to or greater than one kilogram, one count of trafficking in marijuana, one count of possession of criminal tools, and one count of conspiracy to traffic in cocaine. A sentencing hearing was subsequently held, at which the court sentenced Sanchez to four years in prison for trafficking in cocaine, with an additional ten years as a major drug offender, and ten years for possession of cocaine, also including an additional ten years as a major drug offender. These sentences were to run consecutive, while the major drug offender specifications were to run concurrently. Furthermore, the court ordered Sanchez to serve one year in prison for trafficking in marijuana and one year for possession of criminal tools, each sentence to run concurrently with each other but consecutive to the *Page 5 
prior two counts and major drug offender specifications. Altogether, Sanchez was sentenced to 25 years in prison.
 {¶ 7} It is from this conviction and sentence that Sanchez has filed a timely notice of appeal, assigning one error for our review:
 {¶ 8} "WHETHER DEFENDANT'S CONVICTION AND SENTENCE ENHANCEMENT FOR THE SPECIFICATION AS A MAJOR DRUG OFFENDER WERE ERRONEOUS AS A MATTER OF LAW, AND THEREBY VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENT [sic] OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."
 {¶ 9} Upon review, we find that the trial court was not permitted to impose an additional penalty upon Sanchez pursuant to R.C.2929.14(D)(3)(b), where the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, held such provision unconstitutional and excised it from the statutory scheme. In addition, the sentence imposed by the court was contrary to R.C.2929.14(D)(3)(a), because it failed to impose the maximum penalty required for major drug offenders in violation of R.C. 2925.03 and2925.11. Therefore, we will vacate the sentence of the trial court and remand the cause for re-sentencing consistent with this opinion.
 {¶ 10} In his single assignment of error, Sanchez contends that the trial court erred in imposing an additional ten years to his sentence as a major drug offender specification because such sentence enhancement was decided by the trial judge alone without proper consideration by the jury. Sanchez's argument is premised on the Ohio *Page 6 
Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, in which the court found R.C.2929.14(D)(3)(b) unconstitutional because it required judicial fact-finding before an additional prison term could be imposed on a defendant classified as a major drug offender. Before Foster, R.C.2929.14(D)(3)(b) provided as follows:
 {¶ 11} "The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if thecourt, with respect to the term imposed under division (D)(3)(a) of thissection * * * makes both of the findings set forth in divisions(D)(2)(a)(iv) and (v) of this section."[1] (Emphasis added.) According to Sanchez, Foster severed the judicial fact-finding portion of R.C.2929.14(D)(3)(b), leaving the relevant factual determinations for a major drug offender specification to a jury only. In the alternative, Sanchez argues that this Court has interpreted Foster as invalidating the specification altogether. For the following reasons, we find that this latter contention has merit. *Page 7 
 {¶ 12} In Foster, the Supreme Court of Ohio found that R.C.2929.14(D)(3)(b) was unconstitutional under both Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, as this statute permitted a trial judge to make findings of fact that would affect the maximum sentence that could be imposed upon a defendant. 2006-Ohio-856, at paragraph five of the syllabus. However, the court also held that R.C. 2929.14(D)(3)(b) was capable of being severed. "After the severance, judicial fact-finding is not required before imposition of additional penalties for * * * major-drug-offender specifications." Id. at paragraph six of the syllabus. The State, in the instant matter, points out that several appellate courts in Ohio have interpreted this language in Foster to mean that trial courts may continue to impose sentence enhancements within their discretion but without the confinements of express judicial fact-finding. See State v.Pena, Franklin App. No. 06AP-688, 2007-Ohio-4516, at ?14; State v.Adams, Lake App. No. 2006-L-114, 2007-Ohio-2434, at ?27.
 {¶ 13} In contrast, Sanchez suggests that this Court has construedFoster as excising the major drug offender specification wholly. SeeState v. Harrington, Greene App. No. 06-CA-29, 2007-Ohio-1335. InHarrington, we rejected the defendant's argument that his plea agreement involving the dismissal of a major drug offender specification was entered into under a mutual mistake of law, where the record failed to demonstrate that either the defendant or the State was unaware of the constitutional issues under consideration in Foster. Id. at]}19. Our opinion was limited to the fact that the Foster court had held R.C.2929.14(D)(3)(b) unconstitutional, without discussing the *Page 8 
court's remedy, i.e., severing the judicial fact-finding portion of the statute. Indeed, nothing in Harrington suggests that this Court found R.C. 2929.14(D)(3)(b) severed in its entirety.
 {¶ 14} We acknowledge, however, that a more recent decision from this district has vacated a defendant's sentence on the grounds that R.C.2929.14(D)(3)(b) was held unconstitutional in Foster. See State v.Dillard, Montgomery App. No. 21704, 2007-Ohio-5651. There, this Court concluded that an add-on sentence could no longer be predicated upon R.C. 2929.14(D)(3)(b) because that section had been excised from the statutory scheme. Id. at If 100, citing Adams, 2007-Ohio-2434 at ]f35 (O'Neill, J., dissenting) ("Trial courts are not permitted to `add-on' to maximum sentences by making judicial findings. Such a practice clearly emaciates the term `maximum' and inherently adds to the confusion currently surrounding sentencing in Ohio.").[2] In light of the recent precedent of this Court established by Dillard, we must sustain Sanchez's assignment of error.
 {¶ 15} In the present case, the jury returned a verdict of guilty on one count of trafficking in cocaine in an amount equal to or greater than one kilogram, a violation of R.C. 2925.03(A)(1), and one count of possession of cocaine in an amount equal to or greater than one kilogram, a violation of R.C. 2925.11(A). Pursuant to both R.C. 2925.03
and R.C. 2925.11, if the amount of cocaine involved equals or exceeds one *Page 9 
thousand grams, the offense is "a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term for a felony of the first degree [ten years] and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section2929.14 of the Revised Code." The trial court ordered that Sanchez serve a total of ten additional years (two ten-year terms to be served concurrently) under R.C. 2929.14(D)(3)(b). Following this Court's decision in Dillard, however, we find that Foster divested the trial judge of his authority to impose the additional prison term by severing R.C. 2929.14(D)(3)(b) in its entirety.
 {¶ 16} Furthermore, we are obligated to point out that the trial court did not impose a sentence upon Sanchez that is consistent with R.C.2929.14(D)(3)(a). Subsection (a) requires that the sentencing court impose the longest prison term — ten years — on a defendant who violated sections 2925.03 or 2925.11 of the Revised Code, and who is classified as a major drug offender under those sections. The trial court herein, however, sentenced Sanchez as follows:
 {¶ 17} "On Count 5 for a definite period of 4 years for a violation of O.R.C. § 2925.03(A)(1), Trafficking in Cocaine, a felony of the first degree, with mandatory imprisonment. The Court further finds the Defendant to be a major drug offender pursuant to O.R.C. § 2929.01(X), requiring an additional mandatory imprisonment of 10 years and the Court imposes that 10 year sentence.
 {¶ 18} "On Count 6 for a definite period of 10 years for a violation of O.R.C. § 2925.11(A), Possession of Cocaine, a felony of the first degree, with mandatory *Page 10 
imprisonment. The Court further finds the Defendant to be a major drug offender pursuant to O.R.C. § 2929.01(X), requiring an additional mandatory imprisonment of 10 years and the Court imposes that 10 year sentence." (Emphasis added.)
 {¶ 19} The sentence imposed by the trial court is clearly contrary to R.C. 2929.14(D)(3)(a), as it fails to impose the maximum penalty in Count 5 for a major drug offender found to be in violation of R.C.2925.03(A)(1). Moreover, as we held above, the trial court erroneously ordered that an additional term of imprisonment of 10 years be served upon finding Sanchez to be a major drug offender. Accordingly, we remand the matter to the trial court for re-sentencing.
 {¶ 20} The sentence imposed by the trial court is vacated, and the matter is remanded for re-sentencing consistent with this opinion.
FAIN, J., and GRADY, J., concur.
[1] R.C. 2929.14(D)(2)(a)(iv) states that "[t]he court finds that the prison terms imposed * * * are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism." Furthermore, R.C.2929.14(D)(2)(a)(v) provides that "[t]he court finds that the prison terms imposed * * * are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense."
[2] Although not a participant in the Dillard decision, this author is not inclined to disturb the recent precedent of this Court. However, should the State be so compelled, this Court is willing to entertain a motion to certify a conflict pursuant to App.R. 25. *Page 1