JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, George Evans ("appellant"), appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the facts, in 2004 appellant was charged with rape and kidnapping. Both charges contained a notice of prior conviction, one-and three-year firearm specifications, a repeat violent offender specification, and a sexually violent predator specification. The matter was tried to the bench where the following evidence was presented.
 {¶ 3} In February 2004, the female victim was walking to a bus stop on her way to an appointment at YO! Cleveland ("YO!") when Evans approached her. He grabbed her purse and told her, "Come with me." Evans then led her into an apartment building which was about five to ten feet away. He unlocked the door to his sister's apartment, went inside, and pushed the victim onto the couch.
 {¶ 4} After speaking briefly with his sister, appellant returned to the couch and forcefully kissed the victim, while placing his arm on her neck. When the victim refused to perform oral sex, appellant undid her belt and jeans. He then digitally raped the victim, stopping when the victim began crying and told him he was hurting her. Appellant told her he would take her to her appointment and then bring her back to the apartment. When he went to speak with his sister, the victim took a *Page 2 
piece of mail from the coffee table to give to police.
 {¶ 5} The victim then got into the back seat of appellant's car, and appellant proceeded to pick up a friend. After dropping the friend off at her apartment, appellant drove the victim to her appointment at YO! and waited in the parking lot. Once inside the building, the victim wrote down the license plate number and other details which would identify appellant. She met with her career coach, David Days, and eventually told him what had just happened to her.
 {¶ 6} Anthony Jackson, the building's security guard, testified that when the victim entered the building, she appeared distraught and wiped away tears. Appellant testified that the sexual contact between him and the victim was consensual and was initiated by her. The trial court found appellant guilty of rape and kidnapping, along with all specifications except for the three-year firearm specification.
 {¶ 7} On February 24, 2004, appellant was found guilty of rape in violation of R.C. 2907.02 with a firearm specification, and kidnapping with a firearm specification. Appellant was also found guilty of repeat violated offender and sexually violent predator specifications appurtenant to the underlying charges.
 {¶ 8} On September 16, 2004, the court sentenced appellant to terms of ten years for the rape and kidnapping, to be served concurrently, one year for the firearm specification, to be served consecutively to the ten-year sentences, and to three years for the RVO specification, to be served consecutively to the other *Page 3 
sentences, and a life tail for the sexually oriented predator specification. Appellee was also classified as a sexual predator.
 {¶ 9} Appellant appealed his conviction to this court, raising numerous assignments of error. State v. Evans, Cuyahoga App. No. 85396,2005-Ohio-3847 ("Evans I"). In resolving the prior appeal, this court affirmed the convictions, except for the firearm specifications, the imposition of the sentence for the RVO specifications on the basis statutory findings were not made, and vacated the sentence and remanded for resentencing.
 {¶ 10} The case was appealed to the Ohio Supreme Court. The Ohio Supreme Court reversed this court's decision to vacate the entire sentence and remanded the cause for resolution of appellant's assignment of error claiming he was sentenced in retaliation for exercising his right to trial. State v. Evans, 113 Ohio St.3d 100, 2007-Ohio-861("Evans II"). Upon remand to the trial court, appellant was sentenced to ten years on kidnapping, to an additional three years pursuant to a repeat violent offender specification, and to a term of ten years to life on rape, due to a sexually violent offender specification. Appellant now appeals.
 II {¶ 11} Appellant's assignment of error provides the following: "The RVO enhanced sentence imposed upon appellant constituted a deprivation of his liberty without due process of law and a violation of his constitutional right to a trial by jury."
 III {¶ 12} Appellant argues in his sole assignment of error that the RVO enhanced sentence constitutes error on the part of the lower court. Appellant argues that the trial court erred when it imposed a prison term for the repeat violent offender specification in contravention of the Ohio Supreme Court's pronouncements in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We disagree.
 {¶ 13} In Foster, the Ohio Supreme Court stated:
 "Our remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely prohibits."[1]
 {¶ 14} Moreover, in State v. Foster, syllabus at paragraph six, the Ohio Supreme Court held: "R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications.(United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 *Page 5 
L.Ed.2d 621, followed.)"
 {¶ 15} Appellant was properly sentenced. In State v. Roberson, Cuyahoga App. No. 88338, 2007-Ohio-2772, this court determined the meaning of Foster, syllabus at paragraph six, as follows:
 "We read this to mean that only the offending portion of R.C. 2929.14(D)(2)(b) is severed. Consequently, the imposition of an additional penalty for the repeat violent offender specification is constitutional. Thus, a judge may impose an additional one-to ten-year sentence on the repeat violent offender specification without judicial fact-finding. Consequently, this case is Blakely-Booker-Foster compliant. Accordingly, we overrule the first assigned error."[2] (Emphasis added.)
 {¶ 16} In addition, in State v. Payne, Lake App. No. 2006-L-272, 2007-Ohio-6740, [3] the court considered the effect Foster had upon sentencing repeat violent offenders and determined that:
 "Recently, in State v. Adams, 11th Dist. No. 2006-L-114, 2007 Ohio 2434, we interpreted Foster's discussion and severance of the repeat violent offender statute, R.C. 2941.149. We rejected the appellant's argument that penalty enhancements for repeat violent offenders and major drug offenders have been abolished and said: 'A more legally sound understanding of these words is that only the requirement to make factual findings before imposing "the *Page 6 add-on" has been severed. This understanding of the dicta is consistent with the syllabus and reason of Foster and the underlying issue in Chandler.' Id. at P27. See, also, State v. Roberson, 8th Dist. No. 88338, 2007 Ohio 2772, P10 (`Thus, a judge may impose an additional one to ten-year sentence on the repeat violent offender specification without judicial fact-finding')."
(Emphasis added.)
 {¶ 17} Accordingly, we find the trial court's actions in the case at bar to be appropriate. The trial court acted properly when it enhanced appellant's sentence for the repeat violent offender specification.
Appellant's assignment of error is overruled.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR.
[1] State v. Berry, 5th Dist. No. 05-CAA-06-0034, 2006-Ohio-1575.
[2] The defendant in Roberson sought review of this decision in the Ohio Supreme Court, which review was denied. State v. Roberson,115 Ohio St.3d 1475, 2007-Ohio-5735, 865 N.E.2d 628. Within Roberson's brief in support of jurisdiction, filed August 2, 2007, he specifically sought review of this court's decision, citing the following proposition of law: "Proposition of Law I: The RVO enhanced sentences imposed upon appellant constituted a deprivation of his liberty without due process of law and a violation of his constitutional right to a trial by jury."
[3] Appellant cites to the pre-Foster, State v. Payne, Lake App. No. 2004-L-118, 2005-Ohio-7043, in support of his position at p. 9. *Page 1