JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, William Alford, appeals the judgment of the Cuyahoga County Court of Common Pleas on the grounds that the trial court (1) failed to merge two counts of kidnapping, and (2) imposed an additional ten-year sentence for a repeat violent offender specification. For the reasons stated herein, we affirm in part, reverse in part, and remand with instructions to correct the sentencing entry as stated herein.
 {¶ 2} Alford was charged under a three-count indictment on August 21, 2007, with kidnapping (R.C. 2905.01(A)(2)), robbery (R.C. 2911.02), and kidnapping with a sexual motivation (R.C. 2905.01(A)(4)). Each of the charges contained a notice of prior conviction and a repeat violent offender specification.
 {¶ 3} The charges stemmed from an incident that occurred on August 14, 2007. On that date, at 3:17 a.m., the victim drove to a BP gas station in Lakewood to buy a pack of cigarettes. Alford entered the store at that time. After the victim made her purchase, she left the store to drive home. Alford followed her in his truck as she was driving home. When the victim parked her car in the area of 15408 Lake Road in Lakewood, she believed the truck, which she had observed following her, was gone. However, when she exited her car, she was forcibly grabbed by Alford.
 {¶ 4} The victim began to scream and to struggle with Alford. She was eventually able to get away. The police apprehended Alford, who stated in a confession that he wanted money for drugs.
 {¶ 5} Following the indictment, the trial court ordered a competency and sanity evaluation, and Alford was found to be competent. Thereafter, Alford entered *Page 4 
a plea of no contest, and the trial court entered a finding of guilt. At the time of the plea, the parties stipulated that the trial court would resolve the issues of merger and the application of the repeat violent offender specifications at sentencing.
 {¶ 6} Alford was sentenced on January 18, 2008. The trial court merged the first two counts, kidnapping and robbery, and imposed a sentence of eight years on the merged counts. The trial court found that the kidnapping with sexual motivation charge did not merge with the other charged offenses. The court imposed a sentence of ten years on the third count. The court also imposed a sentence of ten years on the repeat violent offender specification in the third count. All sentences were ordered to run consecutively, for a total prison term of twenty-eight years. The court classified Alford as a tier III sex offender.
 {¶ 7} Alford filed this appeal, raising two assignments of error for our review. His first assignment of error provides the following: "The trial court erred in failing to merge the two counts of kidnapping, in violation of defendant's rights against double jeopardy under theFifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, and in violation of R.C. 2941.25."
 {¶ 8} Alford contends that since there was only one course of conduct, the alternative kidnapping theories should merge and he can be convicted of only one count of kidnapping. The state argues that the facts of this case illustrate that there was a separate animus for the kidnapping with sexual motivation charge. The state claims that Alford admittedly had the intent to rob the victim and that his actions showed a separate intent to engage in sexual activity with the victim. *Page 5 
 {¶ 9} Upon our review of the record, we find no evidence to support the state's contention that the facts illustrate a sexual motivation. Alford confessed that his motive was to rob the victim to obtain money for drugs. There was no indication of a sexual motivation. However, we recognize that Alford pled no contest to the kidnapping with sexual motivation charge.
 {¶ 10} R.C. 2941.25, Ohio's allied offense statute, provides as follows:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 11} The Ohio Supreme Court most recently addressed Ohio's allied offense statute in State v. Brown, Ohio St.3d, 2008-Ohio-4569. InBrown, the court recognized the two-tiered test that has long been followed to determine whether two offenses constitute allied offenses of similar import and the absurd results that have sometimes resulted from the interpretation and application of this test. Id. The court proceeded to find that "[w]hile our two-tiered test for determining whether offenses constitute allied offenses of similar import is helpful in construing legislative intent, it *Page 6 
is not necessary to resort to that test when the legislature's intent is clear from the language of the statute." Id.
 {¶ 12} The court then considered charges for aggravated assault under R.C. 2903.11(A)(1) and (A)(2), recognized that these subdivisions set forth two different forms of the same offense, and found that the legislature manifested the same intent and societal interest as to each — preventing physical harm to persons. Id. The court found that "the General Assembly did not intend violations of R.C. 2903.11(A)(1) and (A)(2) to be separately punishable when the offenses result from a single act undertaken with a single animus." Id. The court concluded that the offenses were allied offenses of similar import subject to merger when the convictions arise from a single act or animus. Id.
 {¶ 13} Applying the same logic to the instant case, we find that the kidnapping charges herein were allied offenses of similar import. R.C. 2905.01, the kidnapping statute, provides in relevant part: "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * (2) To facilitate the commission of any felony or flight thereafter; * * * (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will."
 {¶ 14} These provisions share certain common elements, and each seeks to prevent the removal or restraint of a victim by force, threat, or deception so as to *Page 7 
place the victim in the offender's power and beyond immediate help, even though temporarily. See R.C. 2905.01, 1974 Committee Comment to H 511. Further, the statute evinces a clear legislative intent to prevent the offender from taking such action of removal or restraint so as to subject the victim or others to further harm.
 {¶ 15} Because the offenses herein were allied offenses of similar import, arising from a single act or course of conduct for which no evidence of a separate animus existed, we find that Alford could be convicted of only one count of kidnapping. As such, Alford's conviction on both counts of kidnapping was improper and in violation of double jeopardy safeguards. Accordingly, we reverse and remand to the trial court with instructions to correct the sentencing entry, finding that the crimes merge, and vacating the sentence on the kidnapping with sexual motivation charge. Alford's first assignment of error is sustained.
 {¶ 16} Alford's second assignment of error provides the following: "The trial court erred in imposing an additional ten-year sentence for the repeat violent offender specification, in violation of defendant's rights to a determination of facts by a jury, under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, and because such sentence is contrary to law."
 {¶ 17} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court recognized as follows: "Unlike all other penalty enhancing specifications, the court, not the jury, makes the necessary factual findings for convicting the offender of being a repeat violent offender or a major drug offender. See R.C. 2941.149(B) and 2941.1410(B)." The court proceeded to sever the unconstitutional portions of *Page 8 
R.C. 2929.14(D)(2) that required the trial court to engage in fact-finding before enhancing a defendant's sentence for repeat violent offender specifications. Id. Thus the court stated the following: "R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed. After the severance judicial factfinding is not required before imposition ofadditional penalties for repeat violent offender and major drug offender specifications." Id. at paragraph six of the syllabus (emphasis added). In the wake of Foster, this court has stated: "[T]he imposition of an additional penalty for the repeat violent offender specification is constitutional. Thus, a judge may impose an additional one-to ten-year sentence on the repeat violent offender specification without judicial fact-finding." State v. Roberson, Cuyahoga App. No. 88338,2007-Ohio-2772; State v. Evans, Cuyahoga App. No. 90520, 2008-Ohio-4102
(quoting same).
 {¶ 18} Accordingly, we find that the trial court acted properly when it imposed an additional ten-year sentence for the repeat violent offender specification. Alford's second assignment of error is overruled.
 {¶ 19} Judgment affirmed in part, reversed in part and remanded.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1