DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas.
 {¶ 2} In January 2005, the Ottawa County Grand Jury returned an indictment charging appellant, Robert M. Fleming, with five counts of a trafficking in drugs, specifically, cocaine, all violations of R.C. 2925.03(A)(1). Subsequently, however, appellant entered a plea of guilty to Count 1 of the indictment, trafficking in cocaine in an *Page 2 
amount exceeding ten grams, but less than 100 grams, in violation of R.C. 2925.03(A)(1), a felony of the third degree. The remaining counts of the indictment were dismissed. On October 13, 2006, the common pleas court sentenced appellant to a mandatory three years in prison and suspended his motor vehicle license for a period of three years. Appellant appeals his conviction and asserts the following assignments of error:
 {¶ 3} "1. The trial court's sentence was contrary to law."
 {¶ 4} "2. The trial court erred to the prejudice of appellant by accepting his guilty pleas [sic], as appellant's pleas [sic] were not knowingly, intelligently, and voluntarily entered, and were therefore obtained in violation of appellant's due process rights under theFourteenth Amendment to the United States Constitution and Article One, Section Sixteen of the Constitution of the State of Ohio.
"3. Appellant was denied effective assistance of Counsel thereby rendering his convictions void under the Sixth and Fourteenth Amendments to the United States Constitution and Article One, Sections Ten and Sixteen of the Constitution of the State of Ohio.
 {¶ 5} In his first assignment of error, appellant contends that his sentence was excessive because he had not previously served a prison term. He also argues that the trial court failed to refer to R.C. 2929.11 in its "sentencing remarks."
 {¶ 6} Appellant was convicted of trafficking in drugs, that is, cocaine, in violation of R.C. 2925.03(A), which makes it illegal for a person to "knowingly * * * [s]ell or offer to sell a controlled substance." A "controlled substance" is "a drug, *Page 3 
compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." R.C. 2925.01(A); R.C. 3719.01(C). Cocaine is a Schedule II substance. R .C. 3719.41; Schedule II(A)(2). Under R.C. 2925.03(C)(4)(d), trafficking in cocaine in the amount set forth in Count 1 of the indictment is a felony of the third degree. Thus, the trial court was required to impose as a mandatory prison term one of the terms prescribed for a third degree felony. Id. The range of prison terms for a felony of the third degree is one to five years. R.C. 2929.14(A)(3).
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio found several sections of the Ohio Revised Code unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences. Id. at paragraph seven of the syllabus. Therefore, in the present case, the trial court had the discretion to impose more than the minimum sentence on appellant. We find that the trial court's imposition of a mandatory three year sentence under the circumstances of this cause was not arbitrary, unconscionable, or unreasonable. See State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} Moreover, while R.C. 2929.11(A) requires a sentencing court to consider the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender," the statute "does not require a trial court to make findings on the record, but rather, it sets forth objectives for *Page 4 
sentencing courts to achieve." State v. Oko, 8th Dist. No. 87539,2007-Ohio-538, at ¶ 18. Here, the trial court expressly employed the language set forth in R.C. 2929.11(A) prior to setting forth the seriousness and recidivism factors found in R.C. 2929.12. Again, we find no abuse of discretion. State v. Myers, 5th Dist. No. No. 23853,2008-Ohio-1913, ¶ 24. Appellant's first assignment of error is found not well-taken.
 {¶ 9} In his second assignment of error, appellant argues that his guilty plea was not knowing, voluntary, or intelligent because the trial court failed to advise him at his Crim. R. 11 guilty plea hearing that he was subject to a period of postrelease control.
 {¶ 10} Pursuant to Crim. R. 11(C)(2)(a), a trial court is required to inform an offender of a number of nonconstitutional issues, including the maximum penalty involved, before accepting a defendant's guilty plea. State v. Harrington, 2d Dist. No. 06-CA-29, 2007-Ohio-1335, ¶ 11. Generally, substantial compliance in informing a defendant of these nonconstitutional rights is sufficient. State v. Nero (1990),56 Ohio St.3d 106, 108. The test for determining whether a failure to comply by not informing a defendant of his nonconstitutional rights during the plea colloquy invalidates the entry of a guilty plea is whether that defendant suffered any prejudice. State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415, ¶ 12, citing State v. Nero, supra. Under the substantial compliance standard, a court reviews the totality of the circumstances surrounding the plea and determines whether he or she "subjectively understood" the effect of his or her plea. Id. *Page 5 
 {¶ 11} In the case before us, the written entry of appellant's guilty plea states, in material part:
 {¶ 12} "After prison release, I may have up to 3 or 5 years of postrelease control. If postrelease control is imposed, for violations of post release [sic] control conditions, the adult parole authority or parole board may impose a more restrictive or longer control sanction, return Defendant to prison for up to nine months for each violation, up to a maximum of 50% of the stated term. If the violation is a new felony, Defendant may receive in addition to any sentence on the new felony a new prison term of the greater of one year or the time remaining on post release [sic] control."
 {¶ 13} At the Crim. R. 11 plea hearing, the court below engaged in the following colloquy with appellant concerning the written entry of appellant's guilty plea:
 {¶ 14} "Q. [by the court]: Mr. Fleming, in 2005-CR-53, I have a document which has been marked as Court's Exhibit 1 in that case. I would like the bailiff to hand that to you, please. Have you seen that document before?
 {¶ 15} "A. [by appellant] Yes, sir.
 {¶ 16} "Q: Did you have a chance to review it thoroughly before you came into court today?
 {¶ 17} "A. Yes, sir.
 {¶ 18} "Q: Turn to the last page, if you would, and do you recognize your signature?
 {¶ 19} "A. Yes, sir. *Page 6 
 {¶ 20} "Q: Does that document represent the agreement that you have reached with the state of Ohio for resolving all counts in the two cases that I identified when I first came out here today?
 {¶ 21} "A. Yes, sir.
 {¶ 22} "Q. Would you tell me in your own words what the agreement is?
 {¶ 23} "A. Just what it says in this document I enter a plea of guilty to the offense, Count 1, all of which I agree with, all of it."
 {¶ 24} We conclude that based upon this colloquy, appellant understood that he might receive three to five years of postrelease control at the guilty plea hearing. Therefore, there was substantial compliance with Crim. R. 11(C)(2)(a), and appellant's entry of a guilty plea to Count 1 of the indictment was voluntary, knowing, and intelligent. See State v.Torres, 6th Dist. No. L-07-1036, 2008-Ohio-815, ¶ 44. cf. State v.Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph two of the syllabus (total failure of the court to refer to a mandatory period of postrelease control during plea colloquy requires vacation of the plea and a remand to the lower court); State v. Lamb, 156 Ohio App.3d 128,2004-Ohio-474 (complete failure of the court to, during the plea colloquy, advise the defendant in a case involving a sex offense that he was subject to a mandatory five year period of postrelease control pursuant to R.C. 2967.28(A)(1)). Moreover, appellant suffered no prejudice by the trial court's failure, if any, to engage in a colloquy related to the potential imposition of postrelease control at the plea hearing because the trial court never sentenced appellant to any period of postrelease control in its *Page 7 
judgment entry on sentencing.[1] Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 25} In his third assignment of error, appellant maintains that his constitutional right, as guaranteed by the Sixth andFourteenth Amendments to the Constitution of the United States and Sections 10 and 16, Article One, to the Constitution of Ohio, to effective assistance of trial counsel, was denied.
 {¶ 26} In Strickland v. Washington (1984), 466 U.S. 668, 687, the United States Supreme Court devised a two prong test to determine ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, he must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by theSixth Amendment to the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove any one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v.Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, citing Stricklandat 697.
 {¶ 27} In appellant's third assignment of error, the only specific allegation involving ineffective assistance of counsel is that trial counsel failed, at the Crim. R. 11 *Page 8 
guilty plea hearing, to recognize that the trial court was required to inform appellant of a mandatory three year period of postrelease control. Assuming, arguendo, that trial counsel's performance in this regard was deficient, we have already determined that appellant was not prejudiced thereby because the trial court never imposed any period of postrelease control. Consequently, appellant's third assignment of error is found not well-taken.
 {¶ 28} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR.
[1] The court did impose a mandatory three year period of postrelease control on appellant at his sentencing hearing. This statement was, however, incorrect in that the term of postrelease control in this case was not mandatory. See R.C. 2967.28(B). Pursuant to R.C. 2967.28(C), appellant might have received up to three years of postrelease control. Of greater importance is the fact that a court speaks only through its journal entry. Kaine v. Marion Prison Warden (2000), 88 Ohio St.3d 454,455, 2000-Ohio-381 (Citations omitted.). Thus, the trial court did not impose any period of postrelease control on appellant. *Page 1