[Cite as *State v. Fantauzzi*, 2012-Ohio-1136.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO

     PLAINTIFF-APPELLEE,                    CASE NO. 7-11-16

     v.

ALEXIS FANTAUZZI                    O P I N I O N

     APPELLANT-DEFENDANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 11CR0043

**Judgment Affirmed**

Date of Decision: March 19, 2012

APPEARANCES:

    *William F. Hayes* for Appellant

    *John H. Hanna* for Appellee

**SHAW, P.J.**

{¶1} Defendant-Appellant, Alexis Fantauzzi ("Fantauzzi"), appeals the September 6, 2011 judgment of the Henry County Court of Common Pleas sentencing him to three years of community control and ninety-eight days in the Correctional Center Northwest Ohio with credit for ninety-eight days served upon his plea of guilty to R.C. 2913.51, receiving stolen property, a felony of the fourth degree.

{¶2} On June 1, 2011, Fantauzzi was arrested on the charge of criminal mischief. On June 28, 2011 Fantauzzi was indicted on the charge of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree as the property was a motor vehicle.

{¶3} On July 11, 2011, the day of the scheduled arraignment, Fantauzzi entered a written negotiated plea whereby Fantauzzi would plead guilty to R.C. 2913.51, receiving stolen property, a felony of the fourth degree. In exchange the State agreed to recommend a sentence of community control with local incarceration. Under the terms of the deal, Fantauzzi would stay in the local jail until sentencing which was set for September 6, 2011 and then he would be released with credit for time served.

{¶4} After negotiations the court went through the required Criminal Rule 11 dialogue and accepted Fantauzzi's guilty plea. The court then ordered a presentence investigation and set sentencing for September 6, 2011.

{¶5} At sentencing on September 6, 2011 the court imposed a period of community control of three years and ordered as a condition of the community control that Fantauzzi serve 98 days in jail. He was then given credit for 98 days served. On September 21, 2011, the court filed a judgment entry terminating Fantauzzi's community control due to the fact that he had moved out of state.

{¶6} Fantauzzi filed this appeal and asserts one assignment of error for our review.

## ASSIGNMENT OF ERROR

**APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE DEPRIVING APPELLANT OF HIS CONSTITUTIONAL RIGHT TO A TRIAL.**

{¶7} Fantauzzi alleges that the court failed to comply with Criminal Rule 11(C)(2)(a) during the plea colloquy by not informing him of the possibility of post-release control. Because of this, Fantauzzi argues, his plea was not entered knowingly, intelligently and voluntarily. Specifically, Fantauzzi claims that he was not informed that if he was immediately sent to prison, that upon his release he may be subject to a period of post-release control.

{¶8} "Pursuant to Crim. R. 11(C)(2)(a), a trial court is required to inform an offender of a number of nonconstitutional issues, including the maximum penalty involved, before accepting a defendant's guilty plea." *State v. Fleming*, 6th Dist. No OT-07-024, 2008-Ohio-3844, ¶ 10 (analyzing post-release control as one of those issues) citing *State v. Harrington*, 2d Dist. No. 06-CA-29, 2007-Ohio-1335, ¶ 11. Nonconstitutional aspects of the plea colloquy are subject to review under a standard of substantial compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12 citing *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶9} Failure to adequately inform a defendant of his nonconstitutional rights at a plea hearing will not invalidate a plea unless the defendant thereby suffered prejudice. *Griggs* at ¶ 12 citing *Nero* at 107. For Fantauzzi to establish prejudice, he would have to demonstrate that his plea would not have been made otherwise. *Id*.

{¶10} In his Criminal Rule 11 dialogue Fantauzzi was informed that if he violated community control and was sent to prison, he could be placed on post-release control upon his release from prison. Nevertheless, he now argues that he was not advised that if he were to be sent to prison immediately without

community control, that he might be subject to post-release control upon being released from prison.

{¶11} First, we observe that even if the plea dialogue was not in strict compliance with Crim. R. 11, the trial court was in substantial compliance as Fantauzzi was subjectively aware of the implications of his plea related to post-release control. Fantuazzi was specifically informed that he could be subject to post-release control if he was sent to prison. Fantauzzi signed a written plea agreement alerting him to that fact. The pertinent portion of the written plea agreement reads,

> **[a]fter prison release, I may have up to (3) years of post-release control.[1] The parole board could return me to prison for up to nine months for each violation of those conditions, for a total of 50% of my stated term. If the violation is a new felony, I could receive a new prison term of the greater of one year or the time remaining on post release control.**

(Doc. No. 7).

{¶12} Fantauzzi was also informed at the plea hearing that if sent to prison, he could be subject to post-release control.

> **THE COURT: If in fact you were referred or sentenced to any prison term as a result of the violation you're not entitled to good time if you're serving a prison term as a violation of Community Control and after you're released you could be placed upon post-release control for up to three years, that is a may. The Parole Authority could return you to prison for up to nine months if you violate the conditions of post-release control**

---

[1] The sentence as typed in the written plea agreement has 'may/will' with 'will' scratched out and '3/5' with '5' scratched out so that it reads as written above.

> **to a maximum of fifty percent of any additional prison time. If the violation would be a new felony, you could receive a new prison term of the greater of one year or the time remaining on the post-release control. Now that is kind of complicated but did you follow that.**
>
> **Mr. Fantauzzi: Yes.**

(July 11, 2011 Tr. at 11-12). Furthermore, the plea dialogue covers the fact that Fantauzzi read and claimed to have understood the written plea agreement and that his attorney had gone over it with him. (July 11, 2011 Tr. at 9).

{¶13} The Sixth District Court of Appeals found that a defendant was sufficiently notified of non-mandatory post-release control where he had read and signed a similar written plea agreement and the trial court had the defendant acknowledge that he had read and signed the written plea agreement. *Fleming*, *supra* at ¶¶ 9-24. Here the trial court went a step further than the court in *Fleming* and addressed the possibility of post-release control in the plea dialogue with Fantauzzi. In sum, Fantauzzi was aware of the possibility of being subject to post-release control following any potential prison term prior to entering his plea.

{¶14} Moreover, Fantauzzi concedes in his brief that post-release control is not mandatory in his case. All of the cases that Fantauzzi cites in support of his argument that his plea should be vacated stand for the principle that if Fantauzzi was not advised *at all* of a *mandatory* term of post release control then his plea should be vacated. *See State v. Sarkozy*, 117 Ohio St.3d 86 (2008) at syllabus;

*State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, ¶ 10. That is simply not the case here. Fantauzzi was clearly informed that he *may* be subject to post-release control after any prison term and that any post-release control was not mandatory.

{¶15} Furthermore, Fantauzzi is unable to establish any prejudice. Ultimately Fantauzzi was not sentenced to any period of post-release control. Thus, the record is devoid of how any further notification regarding post-release control would have altered Fantauzzi's decision to plead guilty. Fantauzzi's plea was given in exchange for local incarceration and credit for time served—a sentence that found him in a local jail for just over three months on a charge that could have resulted in an 18 month prison sentence. Though at sentencing Fantauzzi tried to negotiate with the trial court to lessen the amount of community control he would receive, he originally entered his plea knowing the implications as evidenced by his written plea agreement and the plea dialogue at the hearing. As it turns out, Fantauzzi only served 15 days of the three years of community control before the court terminated the community control due to his relocation out of state.

{¶16} There is no indication that Fantauzzi would have made a different decision had he been informed that if he was somehow sent to prison immediately without community control he could eventually be subject to post-release control

upon release from prison, especially in light of the fact that a prison sentence was not imposed. Moreover, at this point, Fantauzzi has *no* possibility of going to prison or being placed on post-release control as his community control has been terminated.

{¶17} For these reasons, Fantauzzi's assignment of error is overruled and the judgment is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**